IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSUMER FINANCIAL ) | | |
| PROTECTION BUREAU, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | Civil Action No. 13-1817 | |
| ) | | |
| v. ) | Judge Cathy Bissoon | |
| ) | | |
| NATIONAL CITY BANK, through its ) | | |
| Successor in Interest, ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM ORDER

### I.   MEMORANDUM

For the reasons stated below, the Motion to Intervene (Doc. 4), filed by John Rodriguez, Jennifer Worthington, Bobby Crouther, Jesus Conchas, Rosa Maria Conchas, Luis Ramos, and JoAnn Ramos (collectively, the "Movants"), will be denied.

### BACKGROUND AND PROCEDURAL HISTORY

On December 23, 2013, Plaintiffs Consumer Financial Protection Bureau ("CFPB") and the United States of America ("Department of Justice" or "DOJ") (collectively, the "Plaintiffs") brought the above captioned action, pursuant to, among other statutes, the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"), to "remedy discrimination by National City Bank against approximately 76,000 African-American and Hispanic residential mortgage borrowers between 2002 and 2008." Compl. (Doc. 1) at 1. On that same date, the parties jointly submitted a Proposed Consent Order (Doc. 2), which provided for the establishment of a settlement fund to compensate affected borrowers. The Proposed Consent Order also provided that "[e]ach party to the Consent Order will bear its own costs and attorneys' fees associated with this litigation." See

Proposed Consent Order (Doc. 2) at ¶ 28.  The Court adopted the Proposed Consent Order on January 9, 2014.  See Consent Order (Doc. 3).

On January 27, 2014, Movants filed their "Motion to Intervene pursuant to Fed. R. Civ. P. 24(a) and 42 U.S.C. § 3614(e) for purposes of Filing a Fee Petition pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 3614(d)(2)" (Doc. 4)  (hereinafter, the "Motion").  In their Brief in Support of the Motion, Movants explain that, prior to the filing of the instant action, Movants filed a lawsuit against Defendant National City Bank in the Eastern District of Pennsylvania, entitled Rodriguez, et al. v. National City Bank, et al, Case No.: 08-CV-02059-ER (hereinafter, the "Rodriguez Action").  Br. in Supp. (Doc. 9) at ¶ 2.  Movants assert that the Rodriguez Action "addresses the same discretionary pricing practices that are challenged in the above captioned action and which have been resolved through the Consent Order."  Id.

Movants argue that, during the course of the Rodriguez Action, their attorneys conducted extensive discovery, and prepared, through consultations with experts, detailed mediation statements with statistical and regression analyses.  Id. at ¶ 4.  Following mediation, Movants and National City Bank agreed to settle the claims in the Rodriguez Action on a class basis; however, class certification was subsequently denied.  Id. at ¶¶ 5-6.  As a result, the Rodriguez Action is still ongoing.

After class certification was denied, Movants' counsel allegedly consulted with the Department of Justice regarding National City Bank's discriminatory practices and "offered to provide the government the work product of their attorneys to assist the government's investigation of such conduct."  Id. at ¶ 7.  Movants assert that they provided such discovery and work product to the government in early 2012, prior to this Court's adoption of the Consent Order in this case.  Id.  Accordingly, Movants now seek to intervene for the purpose of

petitioning, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. § 3614(d)(2), for an award of attorney's fees and costs for their role in "advancing the government's investigation, prosecution and resolution of the FHA claims" in the instant action. Id. at ¶ 8.

Both the Government and National City Bank have filed briefs in opposition (Docs. 10 and 11), asserting numerous reasons why the Court should deny the pending Motion. Thereafter, Movants filed a Reply. (Doc. 13).

**ANALYSIS**

Movants seek to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and 42 U.S.C. § 3614(e). Rule 24(a) provides that, "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Pursuant to 42 U.S.C. § 3614(e),

> Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) of this section which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person or a conciliation agreement to which such person is a party. The court may grant such appropriate relief to any such intervening party as is authorized to be granted to a plaintiff in a civil action under section 3613 of this title.

42 U.S.C. § 3614(e) (emphasis added). An "aggrieved person" under the statute includes any person who: "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i).

Here, neither party disputes that Movants are "aggrieved persons" within the meaning of the FHA. Indeed, if Movants were seeking to intervene as party plaintiffs to assert FHA claims against Defendant, it appears that they would be entitled to do so, provided that the Motion was

timely.[1]  However, Movants have not attached a pleading setting forth any claims against Defendant and indeed, explicitly acknowledge that they "are not seeking to litigate anything that has been previously agreed upon by the parties."  Reply Br. (Doc. 13) at 3 n.3.  To the contrary, given the uncertainty surrounding the Rodriguez Action, it is apparent that Movants seek to "piggy-back" on the Consent Decree in this case, solely for the purpose of filing a petition for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. § 3614(d)(2).  See Movant's Br. (Doc. 9) at ¶ 8.

The Motion will be denied because (1) Movants have failed to satisfy the procedural requirements of Rule 24(c); and (2) Movants to do not have a cognizable claim for attorney's fees.

### A. Failure to Adhere to Rule 24(c)

Rule 24(c) of the Federal Rules of Civil Procedure requires a motion to intervene to be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Here, Movants have failed to attach such a pleading.  Instead, Movants simply ask the Court for permission to submit a fee petition within 21 days of the resolution of the Motion.  See Mot. (Doc. 4) at 1.  This failure to adhere to Rule 24(c) subjects the Motion to dismissal.  See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co., 239 F.R.D. 404, 410 (W.D. Pa. 2006) (capturing cases that have denied motions to intervene for procedural inadequacies); Twp. of S. Fayette v. Allegheny Cnty. Hous. Auth., 183 F.R.D. 451, 453 (W.D. Pa. 1998) ("Because movants have not submitted pleadings setting forth the claim or defense for

---

[1] The Court, however, expresses doubt that such a claim would be timely, given that the consent order has already been entered.  See Del. Valley Citizens' Council for Clean Air v. Com. of Pa., 674 F.2d 970, 974 (3d Cir. 1982) ("[A] motion to intervene after entry of a decree should be denied except in extraordinary circumstances.")

which intervention is sought, the motions to intervene are subject to dismissal for failure to comply with the mandate of Rule 24(c).").

### B. No Cognizable Claim for Attorney's Fees

"[T]he right to intervene presupposes the presentation of a cognizable claim that the intervenor would have standing to pursue." E.E.O.C. v. Dan Lepore & Sons Co., No. Civ. A. 03-CV-5462, 2004 WL 240315, at *1 (E.D. Pa. Jan. 29, 2004) (citing E.E.O.C. v. Victoria's Secret Stores, Inc., No. Civ. A. 02-6715, 2003 WL 21282193, at *1 (E.D. Pa. Jan. 13, 2003)). Therefore, a "motion to intervene should be denied when … the complaint fails to present cognizable claims." Id.  Courts have therefore denied motions to intervene that attempt to bring non-cognizable claims, even when a movant has a right to intervene under a federal statute. See Dan Lepore & Sons Co., 2004 WL 240315, at *1 (denying a motion to intervene to assert non-cognizable antitrust claims, even though movant had an unconditional right to intervene in the EEOC's Title VII action); Victoria's Secret Stores, Inc., 2003 WL 21282193, at *1 (finding that while the plaintiff had an unconditional right to intervene in the Title VII claim, plaintiff failed to set forth a cognizable claim for discrimination under the Pennsylvania Constitution or for intentional infliction of emotional distress, and therefore her motion to intervene was denied as to these additional claims).

Here, Movants do not assert any "claims" in an attached pleading.  To the contrary, the only "claim" they seek to assert is a claim for attorney's fees under 42 U.S.C. § 3614(d)(2).  The Court agrees with Defendant National City Bank that Movants here would not have a cognizable claim for such fees under the FHA.  Section 3614(d)(2), which Movants rely on as the authority for their attorney's fees, provides that "[i]n a civil action under this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's

fee and costs." 42 U.S.C. § 3614(d)(2) (emphasis added).  In order to be a "prevailing party," however, a party must have obtained either a (1) judgment on the merits, or (2) a court-ordered consent decree.  Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001).

Here, Movants are not parties to the Consent Decree; nor do they seek to become parties.[2]  Indeed, if Movants were parties to the current Consent Decree, they would be precluded, by its explicit terms, from obtaining attorney's fees.[3]  Movants argue that had they "been afforded the opportunity to intervene at an earlier stage in this process, there would be no question that they were prevailing parties." Reply Br. (Doc. 13) at 5.  The Court, however, is unable to speculate what would have happened if Movants intervened before the Consent Decree was entered, as the decree could have included vastly different terms had Movants insisted on the payment of attorney's fees.  Accordingly, as the Consent Decree currently stands, Movants simply cannot be "prevailing parties," and as such, do not have a cognizable claim for attorney's fees.

**CONCLUSION**

Movants have failed to adhere to the procedural requirements set forth in Rule 24(c).  Moreover, Movants could not have a cognizable claim for attorney's fees under the FHA.  Therefore, for the reasons stated above, the Court finds that Movants do not have a right to

---

[2] Indeed, Movants acknowledge that they "do not seek to change the Consent Decree in any material way."  Reply Br. (Doc. 13) at 2-3.

[3] Movants attempt to argue that the "consent decree is silent on whether [National City Bank] may be obligated to pay fees or costs to any prevailing party other than the CFPB or the United States."  Reply Br. (Doc. 13) at 3.  However, it is unclear to the Court how Movants could be considered "prevailing parties" without becoming parties to the Consent Decree.

intervene for the purpose of filing a fee petition in the instant action, and the Motion will be denied.[4]

## II.  ORDER

Consistent with the foregoing, it hereby is ORDERED that the Motion to Intervene **(Doc. 4)** is **DENIED.**

IT IS SO ORDERED.


June 4, 2014                                                                s\Cathy Bissoon
                                                                            Cathy Bissoon
                                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[4] Because the Court finds that the Motion should be denied for these reasons, the Court will not opine on the various other arguments asserted by the parties in their briefs in opposition.